Dear Chief Badeaux:
You have requested this office to examine the legality of an Assistant Chief of Police running for the office of Chief of Police while still employed at the police department.
There is no statute which requires an unclassified employee to resign or take a leave of absence from a public employment in order to become a candidate. However, the involvement in a political campaign may not interfere with the performance of the officer or employee's regularly assigned duties. Note that Attorney General Opinion 86-263 contemplates that "failure to perform the regular working duties could result in charges pursuant to LSA-R.S. 14:138 which prohibits public payroll fraud."
In regard to your general authority concerning the dismissal of a police officer for any reason, note that in a municipality which is governed by the Lawrason Act, such as Port Barre, it is the Board of Aldermen who retain authority to hire and fire police officers. LSA-R.S. 33:362(A) (3) states:
 (3) Subject to law, including R.S. 33:423.2 and 423.3 and applicable civil service rules and regulations, the Board of Alderman shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.
Further law outlines the powers of the mayor and board of aldermen of a Lawrason Act in LSA-R.S. 33:401, providing that the mayor and board of aldermen shall have the power to:
 (31) To provide for the removal of officers and discharge of employees for misconduct or neglect of duty, subject to any applicable civil service law. In accordance with the statute quoted above, the power to dismiss municipal employees is vested in the mayor and board of aldermen, with the mayor voting only in the event of a tie vote among the board of aldermen.
Further, LSA-R.S. 33:423(A) requires a chief of police to "make recommendations to the mayor and board of aldermen for appointment of police personnel, for promotion of officers, to effect disciplinary action, and for dismissal of police personnel." While the board and mayor retain the final authority concerning dismissal of police personnel, such action taken by them is null and void without the recommendation of the chief of police. See Attorney General Opinions 96-199 and 98-241, attached.
In summary, it is the opinion of this office that you, as chief of police, do not have the unilateral authority to dismiss police department personnel. However, the mayor and board of aldermen, who are given the authority to dismiss police personnel, including the assistant chief, may do so only with your recommendation.
Attached for your review are also Attorney General Opinions 92-256 and 90-237.
Trusting the foregoing to be sufficient, I remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: November 19, 1998
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL